1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY TYRONE WILLIAMS,

Plaintiff,

v.

GREGORY AHERN, et al.,

Defendants.

Case No.  15-cv-03955-JCS (PR)

**ORDER OF SERVICE;**

**ORDER DIRECTING DEFENDANT TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**

**INSTRUCTIONS TO CLERK**

## INTRODUCTION

Plaintiff, a former California state pretrial detainee, has filed this federal civil rights action pro se under 42 U.S.C. § 1983 in which he raises claims against the sheriff and employees of Alameda County.  The original complaint was dismissed with leave to amend.  Plaintiff since has filed an amended complaint.  (Docket No. 12.)

The amended complaint states a cognizable claim.  Therefore, in response to the complaint, defendant Ahern is directed to file a dispositive motion or notice regarding such motion on or before July 25, 2016.  The Court further directs that defendant is to adhere to the notice provisions detailed in Sections 2.a and 10 of the conclusion of this order.

## DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff alleges that on June 12, 2015, while he was a pretrial detainee at the Santa Rita Jail, a food tray, which had been "heated excessively," exploded in his hand, causing him to suffer second and third degree burns. (Am. Compl. at 3-4.) He alleges such an incident could not have happened in the absence of negligence and that "jail officials encouraged that incident by instructing the kitchen workers to unreasonably heat the food, and they did not have any precautions in place to circumvent that kind of injury." (*Id.* at 4.) Defendants also failed to have appropriate medical facilities and procedures in place for treating his injuries, and failed to provide him with adequate medical treatment. (*Id.*) Plaintiff names as defendants Gregory Ahern, Sheriff of Alameda County; a Doe defendant, a sheriff's deputy; Rivera, a fellow inmate; and the County of Alameda.

His claim against Ahern, for failing to have adequate medical facilities and procedures, is cognizable under section 1983, when liberally construed.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

The remaining claims are DISMISSED.  His fellow inmate Rivera cannot be sued under section 1983 because he is a private, not a state, actor.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  This claim is DISMISSED <u>without</u> leave to amend.  Rivera is TERMINATED as a defendant in this action.

His claims of negligence are DISMISSED <u>with</u> leave to amend.  If plaintiff finds through discovery the names of the relevant deputies or other jail employees, he may move to amend and refile this claim.

His claims that the guards and medical staff failed to provide adequate medical care are DISMISSED <u>with</u> leave to amend.  If plaintiff finds through discovery the names of the relevant deputies or other jail employees, he may move to amend and refile this claim.

His claim against the County of Alameda under a *Monell* theory of liability is DISMISSED <u>with</u> leave to amend.  Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a municipality may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691.  To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show:  (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that the policy amounted to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy was the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."  *Connick v. Thompson*, 563 U.S. 51, 60 (2011).

Plaintiff's allegations fail to show that there was a written or unwritten policy that tolerated, urged, encouraged, supported or ratified the failure of the sheriff to have adequate medical facilities.  Mere supposition and speculation that there are such policies

1   or customs are insufficient.  If plaintiff finds evidence of such a policy through discovery,

2   he may move to amend and refile this claim.

3                                              **CONCLUSION**

4          For the foregoing reasons, the Court orders as follows:

5          1.       The Clerk of the Court shall issue summons and a Magistrate Judge

6   jurisdiction consent form and the United States Marshal shall serve, without prepayment of

7   fees, the summons, the consent form, a copy of the operative complaint in this matter

8   (Docket No. 12), all attachments thereto, and a copy of this order upon Gregory Ahern,

9   Sheriff of Alameda County.  The Clerk shall also mail courtesy copies of the complaint

10  and this order to the California Attorney General's Office.

11         2.       No later than ninety (90) days from the date of this order, defendant shall file

12  a motion for summary judgment or other dispositive motion with respect to the claims in

13  the complaint found to be cognizable above.

14                a.       If defendant elects to file a motion to dismiss on the grounds plaintiff

15  failed to exhaust his available administrative remedies as required by 42 U.S.C.

16  § 1997e(a), defendant shall do so in a motion for summary judgment, as required by

17  *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

18                b.       Any motion for summary judgment shall be supported by adequate

19  factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

20  Civil Procedure.  Defendant is advised that summary judgment cannot be granted, nor

21  qualified immunity found, if material facts are in dispute.  If any defendant is of the

22  opinion that this case cannot be resolved by summary judgment, he shall so inform the

23  Court prior to the date the summary judgment motion is due.

24         3.       Plaintiff's opposition to the dispositive motion shall be filed with the Court

25  and served on defendant no later than forty-five (45) days from the date defendant's

26  motion is filed.

27         4.       Defendant shall file a reply brief no later than fifteen (15) days after

28  plaintiff's opposition is filed.

United States District Court
Northern District of California

5.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.      All communications by the plaintiff with the Court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

7.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9.      Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10.     A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed.  *Woods v. Carey*, 684 F.3d 934, 939–41 (9th Cir. 2012).  Defendant shall provide the following notice to plaintiff when they he files and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other

5

sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998).


**IT IS SO ORDERED.**

**Dated:**  April 22, 2016

JOSEPH C. SPERO
Chief Magistrate Judge

1
2
3
4                           UNITED STATES DISTRICT COURT
5                         NORTHERN DISTRICT OF CALIFORNIA
6
7    GREGORY TYRONE WILLIAMS,                    Case No.  15-cv-03955-JCS
              Plaintiff,
8
9         v.                                     **CERTIFICATE OF SERVICE**

10   GREGORY AHERN, et al.,
              Defendants.
11

12        I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
13   District Court, Northern District of California.

14        That on April 22, 2016, I SERVED a true and correct copy(ies) of the attached, by placing
15   said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
     depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
16   receptacle located in the Clerk's office.

17   Gregory Tyrone Williams
     5965 Shattuck Avenue
18   Oakland, CA 94609

19

20
     Dated: April 22, 2016
21

22                                              Susan Y. Soong
23                                              Clerk, United States District Court

24                                              By:_____
25                                              Karen Hom, Deputy Clerk to the
                                                Honorable JOSEPH C. SPERO
26

27

28
                                                7